Matter of Morris v Smith (2025 NY Slip Op 07133)

Matter of Morris v Smith

2025 NY Slip Op 07133

Decided on December 23, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, MONTOUR, NOWAK, AND KEANE, JJ.

774.1 CAF 25-00126

[*1]IN THE MATTER OF TYRONE MORRIS, PETITIONER-RESPONDENT-RESPONDENT,
v
DOMONIQUE SMITH, RESPONDENT-PETITIONER-APPELLANT, AND EVETTE BUNTLEY, RESPONDENT-PETITIONER-APPELLANT. ANDREW J. DIPASQUALE, ESQ., ATTORNEY FOR THE CHILD, APPELLANT.

KAMAN BERLOVE LLP, ROCHESTER (BRYANNE L. JONES OF COUNSEL), FOR RESPONDENT-PETITIONER-APPELLANT EVETTE BUNTLEY. 
ANDREW J. DIPASQUALE, ROCHESTER, ATTORNEY FOR THE CHILD, APPELLANT PRO SE. 

 

 Appeals from an order of the Family Court, Monroe County (John I. Menard, R.), entered January 17, 2025, in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted petitioner-respondent primary residency and sole decision-making authority with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the amended petition of respondent-petitioner Domonique Smith and the petition of respondent-petitioner Evette Buntley are reinstated, and the matter is remitted to Family Court, Monroe County, for further proceedings in accordance with the following memorandum: In this proceeding pursuant to Family Court Act article 6, respondent-petitioner mother, respondent-petitioner maternal grandmother (grandmother), and the Attorney for the Child (AFC) separately appeal from an order that, inter alia, effectively dismissed the amended petition of the mother and the petition of the grandmother for custody of the subject child and granted the petition of petitioner-respondent father for custody of the child. Family Court granted the grandmother, with whom the child and her half-brother had been living for four years, one weekend a month of visitation so that the child could spend time with the grandmother and the child's half-brother. This Court granted a stay of that order pending appeal.
Although the father initially questioned paternity and did not see the child before she turned four months old, the father did thereafter exercise visitation with the child. The mother, however, unilaterally removed the child from New York and left her with the half-brother's paternal relatives in Mississippi for several months on two separate occasions. As a result of those incidents, the father filed his custody petition in March 2021. Because the father's paternity was not legally established, the child and her half-brother were placed in the custody of the grandmother in September 2021 when the mother needed psychiatric hospitalization. They remained in her custody since that time, with both parents exercising visitation. The grandmother and the mother thereafter filed their own petitions for custody.
We agree with the grandmother and the AFC on their appeals that the court erred in finding that the grandmother failed to establish extraordinary circumstances and thus lacked [*2]standing to contest the parents' custody petitions (see Matter of Tuttle v Worthington [appeal No. 2], 219 AD3d 1142, 1143-1144 [4th Dept 2023]; see generally Matter of Bennett v Jeffreys, 40 NY2d 543, 544-550 [1976]). Initially, we conclude that, contrary to the grandmother's contention, she did not establish extraordinary circumstances with respect to the father based on "[a]n extended disruption of custody" (see Domestic Relations Law § 72 [2] [a]). An extended disruption of custody "include[s], but [is] not . . . limited to, a prolonged separation of the respondent parent and the child for at least [24] continuous months during which the parent voluntarily relinquished care and control of the child and the child resided in the household of the petitioner grandparent or grandparents, provided, however, that the court may find that extraordinary circumstances exist should the prolonged separation have lasted for less than [24] months" (§ 72 [2] [b] [emphasis added]; see Tuttle, 219 AD3d at 1143-1144). Here, the father did not voluntarily relinquish care and control of the child. A large part of the period of separation between the father and the child "occurred during the father's formal attempts to obtain custody" (Matter of Jose C. v Janet V., 171 AD3d 651, 652 [1st Dept 2019], citing Matter of Male Infant L., 61 NY2d 420, 429 [1984], affg Matter of Landaverde, 95 AD2d 29, 31-32 [1st Dept 1983]).
We nevertheless conclude that the grandmother met her burden of demonstrating other extraordinary circumstances with respect to both the mother and the father. The Court of Appeals has explained that "[i]n the absence of 'surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances', a parent may not be denied custody" (Male Infant L., 61 NY2d at 427, quoting Bennett, 40 NY2d at 544 [emphasis added]). Consistent with that principle of law, we have determined that "an extended disruption of custody as defined in [the statute] is merely 'a specific example of extraordinary circumstances' . . . and the statute was 'not intended to overrule existing case law relating to third parties obtaining standing in custody cases' " (Tuttle, 219 AD3d at 1144, quoting Matter of Suarez v Williams, 26 NY3d 440, 446-447 [2015]).
In determining whether extraordinary circumstances exist, "[n]o one factor should be viewed in isolation . . . , but rather the 'analysis must consider the cumulative effect of all issues present in a given case . . . , including, among others, the length of time the child has lived with the nonparent, the quality of that relationship and the length of time the . . . parent allowed such custody to continue without trying to assume the primary parental role' " (Matter of Cross v Cross, 235 AD3d 1264, 1265-1266 [4th Dept 2025], lv denied 44 NY3d 902, [2025] [emphasis added]; see Tuttle, 219 AD3d at 1144; Matter of Byler v Byler, 207 AD3d 1072, 1074-1075 [4th Dept 2022], lv denied 39 NY3d 901 [2022]).
Here, we conclude that there are " 'other like extraordinary circumstances' " that give the grandmother standing to seek custody of the child (Male Infant L., 61 NY2d at 427; see Tuttle, 219 AD3d at 1144). Extraordinary circumstances arise from the fact that the now-six-year-old child has resided exclusively with the grandmother since she was two years old, the mother was incapable of caring for the child due to mental illness, and the father has not been significantly involved in the child's life since birth. The father has had limited and sporadic visitation with the child and has never had the child with him overnight. He has not attended school events or medical appointments. Nor has he paid child support to either the mother or the grandmother. Finally, the child is emotionally attached to the grandmother and her half-brother, who has also been raised by the grandmother (see Byler, 207 AD3d at 1075).
We note that, according to the AFC, who supports an award of custody to the grandmother, the father's contact with the child was "sporadic" during the first three months following entry of the custody order in January 2025, and that the father has not seen the child since April 2025. Notably, the father did not dispute those allegations, which the AFC proffered to us pursuant to Matter of Michael B. (80 NY2d 299, 317-318 [1992]). We therefore reverse the order, reinstate the mother's amended petition and the grandmother's petition, and remit the matter to Family Court for a hearing to determine the best interests of the child, at which new facts may be considered in light of events that have transpired during the pendency of these appeals (see Tuttle, 219 AD3d at 1145; see generally Michael B., 80 NY2d at 318).
Inasmuch as we have determined that the grandmother established extraordinary circumstances and that we must remit for a best interests hearing involving both parents and the grandmother, the mother's contentions on her appeal are academic and, upon review, the [*3]grandmother's remaining contentions on her appeal lack merit.
Entered: December 23, 2025
Ann Dillon Flynn
Clerk of the Court